IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY WAGNER | : | Civil Action No. 2:20-CV-03289 |
| ADRIANE WAGNER | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY | : | Jury Trial Demanded |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION FOR MORE DEFINITIVE STATEMENT AND MOTION TO DISMISS COUNT II (BAD FAITH) OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(e) and 12(b)(6)**

Defendant Allstate Vehicle and Property Insurance Company ("Defendant Allstate"), by and through its attorneys, Curtin & Heefner LLP, pursuant to Rules 12 (e) and 12(b)(6) of the Federal Rules of Civil Procedure moves the Court to enter an Order in the form attached, and in support, Defendant Allstate avers:

1. On or about June 9, 2020, Gregory Wagner and Adriane Wagner ("Plaintiffs") served their Complaint, which had been filed in the Philadelphia Court of Common Pleas, on Defendant Allstate. A true and correct copy of Plaintiffs' Complaint, and a copy of the results of the United States Postal Service certified mail tracker for certified mail number 70161970000052121651, are attached collectively as Exhibit "A"

2. On July 6, 2020, Defendant Allstate removed this matter to the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiffs' Complaint alleges that on or about May 29, 2019, Plaintiffs suffered "direct physical loss and damage" to the insured property located at 3942 Stevenson Street Philadelphia, Pennsylvania ("the Property"). See, Exhibit "A" at paragraphs 3, 4.

4. While it alleges a loss, Plaintiffs' Complaint fails to specify the cause of the alleged loss or losses. See. Exhibit "A" at Paragraph 4.

5. Plaintiffs assert two causes of action against Defendant Allstate: Count I – Breach of Contract; and Count II – Bad Faith 42 Pa.C.S. § 8371.

## COUNT I
## MOTION FOR MORE DEFINITIVE STATEMENT
## COUNT I (BREACH OF CONTRACT)

6. Defendant Allstate incorporates by reference the averments contained in paragraphs one (1) through five (5) as if the same were more fully set forth at length.

7. Rule 12(e) of the Federal Rules of Civil Procedure permits the filing of a Motion for More Definitive Statement when a pleading is vague or ambiguous. See F.R.C.P. 12(e).

8. The Motion must identify the defect in the pleading, and the desired detail. See F.R.C.P. 12(e).

9. In paragraph four (4) of the Complaint, Plaintiffs merely allege that, "On or about May 29, 2019, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property *believed to be the result of a peril insured against* under the Policy, resulting in damage to the insured premises and those areas to the extent set forth in the preliminary estimate of loss. . . ." See, Exhibit "A" at Paragraph 4 (alteration added).

10. The estimate attached as Exhibit "A" to the Complaint is an estimate prepared by Phoenix Public Adjusters, LLC, which does not provide any details about the cause of Plaintiffs' alleged loss.

11. A peril believed to be insured against is far too ambiguous of a phrase for Defendant Allstate to admit or deny.

12. Defendant Allstate respectfully requests that Plaintiffs be directed to identify the peril and/or cause of direct physical loss suffered by the Property he alleges was the insured Property.

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company respectfully requests that this Honorable Court GRANT its Motion for More Definitive Statement, and enter an Order similar to the proposed Order attached hereto.

## COUNT II
## MOTION TO DISMISS COUNT II (BAD FAITH) OF PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

13. Defendant Allstate incorporates by reference the averments contained in paragraphs one (1) through twelve (12) as if the same were more fully set forth at length.

14. Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief;…"

15. Federal Rule of Civil Procedure 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.[1]

16. However, Federal Rule of Civil Procedure 8(a)(2) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusations."[2]

17. A bad faith claim supported by "bare bones" conclusory allegations does not state a plausible bad faith claim and will not survive a Motion to Dismiss/Motion for Judgment on the Pleadings.[3]

---

[1] See e.g., Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).
[2] Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868,883 (2009).
[3] Evaluation of a complaint requires a two-step analysis: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3rd Cir. 2009). See also Atiyeh v. Nat'l Fire Ins. Co., 2010 U.S. Dist. LEXIS 102697 (E.D. Pa. Sept. 27, 2010); Robbins v. Metro Life Ins. Co. of Connecticut, 2008 U.S. Dist. LEXIS 104902 (E.D. Pa. Dec. 29, 2008).

18. As a result of the elevated "clear and convincing evidence" standard, the plaintiff must come forward with facts that support improper motive, recklessness or bad faith which is "*clear, direct, weighty and convincing*".[4]

19. In order to state a claim under Pennsylvania's bad faith statute, a plaintiff must allege *facts* showing that "(1) the insurer lacked a reasonable basis for denying benefits; and, (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." [5]

20. Mere negligence and bad judgment do not constitute bad faith by an insurer; the insurer's conduct must be motivated by self-interest or ill will. [6]

21. Plaintiffs attempt to assert a bad faith claim in Count II of his Complaint, but Plaintiffs allege "bare-bones" conclusory allegations that do not state a plausible bad faith claim. See "Exhibit A", Count II.

22. Plaintiffs' Complaint sets forth thirteen (13) allegations in support of his claim for bad faith. See, Exhibit "A", paragraphs 15 (a)-(m).

23. Similar allegations have already been found insufficient to support a claim for bad faith by this Court. Specifically, the allegations in Plaintiffs' Complaint are similar to the allegations of bad faith set forth in Nelson v. Allstate Insurance Company, Docket No. 2:17-CV-01501.

24. In Nelson, this Court described the like allegations set forth in paragraphs 15(a)-(m) as "conclusory and not entitled to the presumption of truth". See, Order of the Honorable Mitchell Goldberg, citing Atiyeh v. Nat'l Fire Ins .Co. of  Hartford, 742 F. Supp. 2d 591, 599

---

[4] See e.g. Builder's Square v. Saraco, 1996 U.S. Dist. LEXIS 19444 at 22-23 (citing Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747 (3rd Cir. 1994), aff'd 135 F.3d 763 (3rd Cir. 1997) emphasis added.
[5] Klinger v. Allstate Mut. Auto Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citations omitted).
[6] Turner Construction Co. v. First Indem. of Am. Ins. Co., 829 F. Supp. 752, 764 (E.D. Pa. 1993) citing Coyne v. Allstate Ins. Co., 771 F. Supp. 673, 677 (E.D. Pa. 1991); Ervais v. Fireman's Ins. Co., 1992 U.S. Dist. LEXIS 8249 (E.D. Pa. 1992)(genuine dispute regarding insurer's obligation to pay under the policy does not support claim for bad faith); Woody v. State Farm Fire & Cas. Co., et al., 965 F. Supp. 691 (E.D. Pa. 1997) (under Pennsylvania law, "bad faith" by an insurer is any frivolous or unfounded refusal to pay proceeds of a policy ... it imparts a dishonest purpose).

(E.D.Pa. 2010), <u>Smith v. Allstate Mut. Auto Ins. Co.</u>, 506 F. Appx. 133, 136 (3d. Cir. 2012), <u>Yohn v. Nationwide Ins. Co.</u>, 2013 WL 2470963, at *5 (M.D.Pa. 2013), a true and correct copy of which is attached as Exhibit "B" together with Plaintiff's Complaint in that matter.

25. As in <u>Nelson</u>, the broad, conclusory allegations of paragraphs 15(a)-(m) of Plaintiff's Complaint fail to provide any factual basis for a Bad Faith claim.

26. In <u>Lopez vs. Selective Ins. Co. of South Carolina</u>, this Court examined a Complaint with almost the exact same thirteen (13) allegations of "bad faith," and concluded that it "provide[d] absolutely no allegations from which it could be inferred that [Defendant] acted in bad faith." <u>Lopez vs. Selective Ins. Co. of South Carolina</u>, 2020 WL 3265148, CIVIL ACTION No. 20-1260 (June 16, 2020)(Schiller, J.)

27. A proper Complaint

> Contain[s]…factual allegations that relate to why or how Defendant's basis for denying the claim was unreasonable. [It]…includes… facts related to Defendant's purported basis for denying the claim or Defendant's actions or omissions in conducting an investigation. [It] describe[s] the cause or extent of the alleged loss, the provisions of the insurance policy at issue, the date on which Plaintiff made Defendant aware of the loss, [] the date on which Defendant initially denied the claim.

2020 WL 3265148 at *2 (alterations added).

28. None of Plaintiffs' conclusory allegations of Bad Faith are supported by any facts plead in the Complaint.

29. In fact, the facts set forth in Plaintiffs' Complaint merely set forth that Plaintiffs allegedly suffered a loss, submitted a claim, and did not receive funds to which they believe they are entitled.

30. These factual averments are insufficient to support a claim for bad faith as a matter of law. [7]

---

[7] <u>See</u>, <u>Bostick v. ITT Hartford Group, Inc.</u>, 56 F. Supp. 2d 580, 587 (E.D. Pa.1999) (refusal to pay based on legitimate disagreement is not bad faith).

31. Plaintiffs' Complaint is bereft of any facts amounting to bad faith by Defendant Allstate.

32. Plaintiffs fail to allege facts sufficient to establish that Defendant Allstate lacked a reasonable basis for denying benefits under the policy.

33. Plaintiffs fail to allege any facts that Defendant Allstate acted for a dishonest purpose or that its actions were motivated by self-interest or ill will.

34. Mere conclusory allegations are not sufficient to state a plausible claim for relief under Pennsylvania's Bad Faith statute, and Count II (Bad Faith) of Plaintiffs' Complaint must be dismissed.

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company respectfully requests that this Honorable Court grant its Motion to Dismiss, dismiss Count II (Bad Faith) of Plaintiff's Complaint WITH PREJUDICE, and enter an Order similar to the proposed Order attached hereto.

                                                  Respectfully submitted,

                                                  CURTIN & HEEFNER LLP

By: _____
    Joseph Acquaviva, Esquire
    Attorney ID 204456
    Michael K. Lorenz, Esquire
    Attorney ID 93611
    Attorneys for Defendant
    1040 Stony Hill Road
    Suite 150
    Yardley, PA 19067
    215-736-2521

Date: July 7, 2020